# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50098 | **DATE** | 4/17/2002 |
| **CASE TITLE** | Gagliano vs. Wilson, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Johnson's motion to dismiss; motion to dismiss by defendants Wilson and City of Loves Park; and motion to strike by City of Loves Park and Loves Park Police Department

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant Johnson's motion to dismiss [25] is granted, the motion by defendants Wilson and City of Loves Park to dismiss [28] is granted, and the motion by defendants City of Loves Park and the Loves Park Police Department to strike [29] is granted. Johnson and Loves Park Police Department are hereby dismissed as defendants. Counts IV and V are dismissed in their entirety. Plaintiff is to file a third-amended complaint consistent with this opinion within 21 days from the date of this order if he wishes to proceed with this case.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | APR 18 2002 | |
| | Notified counsel by telephone. | date docketed | 34 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4-17-02 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

(Reserved for use by the Court)

Plaintiff, Samuel D. Gagliano, has filed a five-count second-amended complaint against various defendants for alleged violations of his constitutional rights under the Second, Fourth, Sixth, and Fourteenth Amendments. With Gagliano asserting claims under 42 U.S.C. § 1983 and the Constitution itself (presumably pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)), jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1343, 1391. Before the court are defendant Craig Johnson's motion to dismiss for failure to state a claim, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a similar motion to dismiss brought by defendants City of Loves Park ("City") and Curt Wilson, a City police officer, and a motion by defendants City and the Loves Park Police Department ("LPPD") to strike portions of Gagliano's complaint. Gagliano has not responded to any of these motions.[1]

Taking up Johnson's motion first, a point of clarification is in order. To the extent Gagliano sues Johnson in Counts I and II under § 1983, those claims clearly cannot go forward because he is suing Johnson in his personal capacity as a U.S. Postal Inspector. As a federal employee, Johnson cannot be sued under § 1983, which applies only to state actors. See Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 432 n.2 (1993). The only counts then remaining against Johnson are Counts IV and V, in which Gagliano alleges all of the defendants violated, and conspired to violate, his Second Amendment right to keep and bear arms. According to the complaint, Johnson told the Illinois State Police that Gagliano's Firearm Owner's Identification ("FOID") card was subject to revocation, but did not tell Gagliano he had gone to the police with that information, all the while knowing Gagliano had recently purchased a gun from defendant Michael Douglas d/b/a The Shootin' Shack and was waiting only for the mandatory waiting period to expire. In the meantime, Gagliano's FOID card was in fact revoked and Gagliano alleges Douglas allowed him to pick up his gun from The Shootin' Shack, even though Douglas knew his FOID card had been revoked and purposely withheld that fact from him. Afterwards, Gagliano alleges, Douglas called Wilson, who arrested him for possession of a firearm without a valid FOID card. Even accepting this rather bizarre scenario as true, however, the court does not see how these facts, along with all the reasonable inferences drawn therefrom in Gagliano's favor, could conceivably subject Johnson to liability under the Second Amendment or any other constitutional provision, especially when Gagliano does not allege Johnson lied to the police or gave them false information, or even that his FOID card was improperly revoked. Similarly, Gagliano's allegations of how Johnson was involved in a conspiracy are vague and ill-defined at best. See Ryan v. Mary Immaculate Queen Ctr., 188 F.3d 857, 860 (7th Cir. 1999). Johnson is therefore dismissed as a defendant.

The court also finds Counts IV and V should be dismissed against the remaining defendants, Wilson, the City, and Douglas, because the Second Amendment applies only to the federal government, not local governments or their employees and certainly not private individuals. See Presser v. Illinois, 116 U.S. 252, 265 (1886); Quilici v. Village of Morton Grove, 695 F.2d 261, 269-71 (7th Cir. 1982), cert. denied, 464 U.S. 863 (1983). (Although Douglas has not joined the motion to dismiss filed by Wilson and the City, he is similarly situated to these two defendants with respect to Counts IV and V, so the court may dismiss these counts against him as well. See Bonny v. Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993), cert. denied, 510 U.S. 1113 (1994).) Counts IV and V are therefore dismissed in their entirety, as are those portions of Counts I and II based on the Second Amendment.[2]

The City and LPPD's motion to strike also raises a few issues that will help clear the clutter from Gagliano's complaint. First, it is well-established that a local police department is not a proper defendant under § 1983, so the LPPD is accordingly dismissed as a defendant. See West v. Waymire, 114 F.3d 646, 646-47 (7th Cir.), cert. denied, 522 U.S. 932 (1997). Second, the court strikes Gagliano's prayer for punitive damages insofar as it pertains to the City, because municipalities are not subject to punitive damages under § 1983. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Finally, the City reads Counts I and II as alleging § 1983 claims against it based on the doctrine of *respondeat superior*. Given that Gagliano has alleged a separate "failure to train" theory against the City in Count III, the court is disinclined to construe Counts I and II as the City has. Nevertheless, to the extent Gagliano does allege claims against the City based on *respondeat superior*, they would naturally be foreclosed by Monell v. Department of Social Services, 436 U.S. 658 (1978).

For the reasons stated above, Johnson's motion to dismiss is granted and he is dismissed as a defendant; the motion to dismiss filed by Wilson and the City is granted and Counts IV and V are dismissed in their entirety; and the motion to strike filed by the City and the LPPD is granted and the LPPD is dismissed as a defendant. To be clear, what remains are Gagliano's claims that Wilson and Douglas violated his Fourth, Sixth, and Fourteenth Amendment rights (Count I), that these two defendants conspired to violate these same rights (Count II), and that the City failed to adequately train its officers from conspiring with third parties to conduct "elaborate sting operations," resulting in the arrest of innocent persons (Count III). Although none of the parties have yet to challenge these remaining claims, the court finds most of them are of very dubious validity. For example, as Johnson pointed out in his brief, none of the facts recited above would seem to implicate Gagliano's Sixth Amendment rights. Gagliano's Fourteenth Amendment claim in Count I would also seem to be foreclosed for the same reasons indicated in footnote 2. Finally, Gagliano's failure to train theory borders on the frivolous. With that said, if Gagliano still wishes to pursue this matter, he shall file a third-amended complaint consistent with this opinion within twenty-one days from the date of this order. The court strongly emphasizes that both Gagliano and his counsel are subject to sanctions under Rule 11 for filing pleadings that have no basis in law or fact.

---

[1] A plaintiff's failure to respond can indicate in some cases that he does not wish to proceed with his case and that the case should be dismissed for want of prosecution. See N.D. Ill. R. 41.1. Should Gagliano or his counsel fail to appear at any future case calls or fail to respond to any further motions filed in this case, the court will presume Gagliano no longer intends to pursue his case and will dismiss it without further notice.

[2] Wilson and the City also raise the possibility that Gagliano has alleged a procedural due process claim in Count V, the theory presumably being that he was deprived of his FOID card, gun, or both, without proper procedural protections. This is a rather generous reading of Count V, but, even so, such a claim, if it can be found in Count V at all, must fail too because Gagliano has not alleged he availed himself of post-deprivation remedies made available by Illinois state law or that such remedies are inadequate. See Hamlin v. Vaudenberg, 95 F.3d 580, 584-85 (7th Cir. 1996).